**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLYDE BENNINGHOFF,

    Plaintiff,

vs.                                              CASE NO.  3:10-cv-631-J-34TEM

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.
_____

**O R D E R**

This case is before the Court on the Parties' Stipulation to Drop National Union as Defendant and Substitute American International Specialty Lines Insurance Company as Defendant (Doc. #15, Stipulation), which has been docketed as a motion for the Court's consideration.  Although the parties state the request is to substitute a defendant, the content of the Stipulation indicates the parties actually seek leave to amend the complaint pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure.

Under Rule 15, the parties may seek leave to amend the complaint after twenty-one days of service by written consent, which we have in this case.  In this instance, the amendment would add a previously unnamed defendant to the action and drop the currently named defendant from the case.  Pursuant to Rule 21,  the Court "may at any time, on just terms, add or drop a party."  When the Court's jurisdiction over a case is based on the diversity of the parties, the Court is also obligated to consider whether the addition or deletion of a party will destroy the diversity.  *See Fritz v. American Home Shield Corp.,* 751 F.2d 1152 (11th Cir. 1985); *Clement v. CSX Transportation*, Nos. CV506-104,

CV507-08, 2007 WL 1098784 (S.D. Ga. Apr. 9, 2007).  Nothing presented to this Court indicates the diversity of the parties would be affected by the sought amendments.  The Court takes note that the newly named defendant, American International Specialty Lines Insurance Co., (American International) is a subsidiary of the same parent corporation as is National Union Fire Insurance Company of Pittsburgh, PA. (National Union) (*see* Doc. #15 at 2).  It would appear Plaintiff was simply mistaken in naming the incorrect entity as the defendant in this action.

As counsel for National Union also represents American International (*see* Doc. #15 at 2), counsel has already agreed to waive service of the amended complaint.  The parties have agreed Plaintiff will file the amended complaint within ten days of the Court's order and Defendant will file a responsive pleading or other appropriate motion not later than ten days after the amended complaint is filed (Doc. #15 at 2).

Accordingly, it is hereby **ORDERED:**

1. The parties' Stipulation (Doc. #15), docketed as a motion, is **GRANTED and APPROVED**.

2. National Union Fire Insurance Co. of Pittsburgh, PA. shall be dropped as a defendant and American International Specialty Lines Insurance Co. shall be added as the Defendant in this case.

3. Plaintiff shall file an amended complaint no later than the close of business on **January 14, 2011**.

4. Defendant shall file a responsive pleading, or other appropriate motion, no later than the close of business on **January 28, 2011**.

5. Defendant shall file a waiver of service of the amended complaint no later than the close of business on **January 28, 2011**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2011.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge